MELINDA HAAG (CABN 132612)
United States Attorney

THOMAS MOORE (ALBN 4305-O78T)
Chief, Tax Division

THOMAS M. NEWMAN (NYSBN 4256178)
Assistant United States Attorney
 11th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, CA 94102
 Telephone:   (415) 436-6888
 Fax:        (415) 436-7009
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-082-KAW |
| Plaintiff, | SENTENCING MEMORANDUM |
| v. | |
| WILLIAM PARIS a.k.a. BUBBA PARIS, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, Thomas M. Newman, Assistant United States Attorney, submits this Sentencing Memorandum pursuant to Crim. L. R. 32-5(b).

## I. INTRODUCTION

**A.    Summary of Recommendation**

The Defendant pled guilty to willfully failing to file an income tax return, in violation of 26 U.S.C. § 7203. (PSR ¶¶ 1-3). The Pre-Sentence Investigation Report (PSR) correctly computes the Defendant's adjusted offense level as 13, Criminal History Category I, which yields an applicable sentencing range of 12-18-months incarceration. (PSR ¶¶ 26 & 32). The government recommends a sentence of: (1) 12-months in custody, (2) 1-year of supervised release, (3) $126,530 restitution, (4) a $25 special assessment, and (5) a $3,000 fine. In recommending this sentence, the government contends

1

that a 12-month sentence is appropriate given the duration of the criminal conduct, and the history and circumstances of this case.

The government is recommending a low-end sentence, which is appropriate for several reasons. First, the intended and actual loss in this case is high, totaling $126,530, which only accounts for 2003-2008. However, the total harm is unknown given that the Defendant did not file a tax return since 1992. In that regard, this is an offense that has spanned ten years. In that time, the IRS has made efforts to compute the Defendant's tax liability and collect his debts to no avail. After several audits, no returns were filed, and this criminal case followed. Moreover, his overall conduct supports a low-end sentence, but not a downward variance. In his (employment) role as a speaker the Defendant worked for various charitable organizations and after these charges were filed he completed various volunteer work. As the Sentencing Commission noted, volunteer work is "not ordinarily relevant to determining whether a departure" from the applicable guideline range is warranted, i.e. these are discouraged factors. U.S.S.G. § 5H1.11. In promulgating the U.S. Sentencing Guidelines, the Congress intended the Guidelines to be implemented in order to promote certainty in sentencing. 28 U.S.C. § 991(b) & 994. A sentence of probation or a significant variance based on factors that the Sentencing Commission considers "not ordinarily relevant" is inconsistent with the proscribed goal of *certainty* in sentencing. That conduct must be considered, as suggested by the Commission, to support a within-Guideline sentence.

The overall conduct here, including the substantial harm and duration of this offense supports a significant sentence.

### B. Factual Background

As indicated in the PSR, despite earning income for years, the Defendant has not filed an income tax return since 1991. (PSR ¶ 6). Moreover, the California Franchise Tax Board publishes a list of the State's 500 top tax scofflaws. Cal. Taxation & Revenue Code § 19195. Until the period to collect the taxes expired, the Defendant was listed as #71 and owed at that time $633,724.[1]

In 2008, the IRS was conducting another audit to compute the Defendant's income and tax liability for several years. (PSR ¶ 6). Although he attended some meetings with the Revenue Agent, the Defendant stopped cooperating and did not file tax returns in violation of 26 U.S.C. § 7203. (PSR ¶ 6). By 2010, the Revenue Agent referred the case for criminal prosecution after the Defendant failed to

---

1 http://projects.latimes.com/california/top-tax-scofflaws/

2

communicate or provide tax returns to the IRS. (PSR ¶ 6).

After the Case was referred to the Criminal Investigation Division of the IRS, a search warrant was executed at the Defendant's home. (PSR ¶ 8). During the search, the Defendant admitted that he knew he had a duty to file income tax returns and that he failed to comply with that obligation. (PSR ¶ 9). Thereafter, the Defendant failed to file timely income tax returns for 2010 and 2011. (Ex. 1).

For 2003-2008, the IRS computed the Defendant's liability as $126,530. (PSR ¶ 10). The earlier years are not included because the records for those years are not available.

The Defendant earned this income while working as a speaker at various corporations, including charitable entities, and other groups. (PSR ¶ 7).

## II.  ARGUMENT

### A.  Guideline Calculation

The U.S. Probation Officer correctly computed the base offense level as 16,[2] and the adjusted offense level as 13, after a reduction for acceptance of responsibility. Because the Defendant's Criminal History Category is I, the applicable sentencing range is 12-18 months incarceration.

The U.S. Probation Officer recommends a sentence of 6-months incarceration. The government agrees with the Guideline calculation, but contends that no variance or departure is warranted. The government contends that a low-end sentence of (1) 12-months in custody, (2) 1-year of supervised release, (3) $126,530 of restitution, (4) a $25 special assessment, and (5) a $3,000 fine is appropriate.

### B.  Consideration of Other Sentencing Factors

In imposing sentence, the court is of course circumscribed by any statutory maximum or minimum sentence. In this case, the statutory maximum is one year imprisonment; there is no mandatory minimum sentence, so the lowest possible sentence is probation, without prison time. "[L]ogic compels the conclusion that the sentencing judge, after considering the recited factors (including the Guidelines) has full discretion . . . to sentence anywhere within the statutory range." *United States v. Booker*, 543 U.S. 220, 305 (2005) (Scalia, J. dissenting).

Even as modified by *Booker*, the Sentencing Reform Act continues to direct that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth"

---

[2] This is based on finding an intended tax loss of $126,530, USSG § 2T1.4.

3

in the Sentencing Reform Act. 18 U.S.C. § 3553(a)(emphases added). Those purposes are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;(2) the need for the sentence imposed– (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;(B) to afford adequate deterrence to criminal conduct;(C) to protect the public from further crimes of the defendant; and(3) any pertinent policy statement
> (4) the need to avoid unwarranted sentence disparities among defendants...

18 U.S.C. § 3553(a). These factors are addressed in turn, and collectively the 18 U.S.C. § 3553(a) factors support a 12-month sentence.

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

As an initial matter, in formulating a reasonable sentence the court must consider the history and characteristics of the Defendant along with the other factors set forth in 18 U.S.C. § 3553(a). *United States v. Fernandez*, 443 F.3d 19, 39 (2d Cir. 2006). No single factor is dispositive. *Id*. at 36. In this case there are several factors that support a 12-month sentence, and are inconsistent with a downward variance.

First, a variance for the basis stated should be rejected because the Defendant is credited with performing volunteer, civic work but he has ignored his obligation to pay taxes that are used by the State and Federal governments for specified civic obligations, i.e. schools, roads, and a functioning government. Moreover, the Defendant is asking for a variance, and a lower sentence, based on the work he is performing for a fee. For that reason, his "charitable" work is not a gratuitous donation at all. Rather, it is also for his benefit. And, he is simply choosing to perform some civic work (sometimes for a fee) that he wants to do, and asking this Court to overlook the civic work that he failed to do (pay taxes).

Second, courts also consider the entirety of the Defendant's history when evaluating this sentencing factor. This includes consideration of the longevity of the offense and the Defendant's history. *United States v. Treadwell*, 593 F.3d 990, 1015, (9th Cir. 2010); *United States v. Foy*, 617 F.3d 1029, 1036 (8th Cir. 2010). This misconduct occurred from 1992 through at least 2012, ten years. Moreover, the California Franchise Tax Board published the Defendant's name on a list of delinquent taxpayers noting that he owed more than $600,000. The IRS conducted multiple audits of the Defendant for years. Despite those actions by the government, the Defendant failed to file timely income tax returns in violation of 26 U.S.C. § 7203. In fact, the Defendant failed to file a timely income tax return

4

after learning of this criminal investigation, and many returns were only filed after these charges were brought. For those reasons, the Defendant's conduct constitutes no less than ten violations of 26 U.S.C.§ 7203.

One troubling aspect of this offense is that the Defendant was on clear notice that what he was doing was illegal. The IRS asked the Defendant to file an income tax return for several years to no avail. Stated another way, the Defendant's history indicates a need for punishment to foster deterrence. These facts all indicate the need for a 12-month sentence.

**2. The Need for the Sentence Imposed – (A) to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense; (B) to Afford Adequate Deterrence to Criminal Conduct**

The need for deterrence in this case is apparent. General deterrence is one of the prescribed goals of every sentencing, *United States v. Pugh*, 515 F.3d 1179,1194 (11th Cir. 2008), but it occupies an especially important role in sentencing for criminal tax offenses, because criminal tax prosecutions are relatively rare:

> The criminal tax laws are designed to protect the public interest in preserving the integrity of the nation's tax system. Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws. Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

U.S.S.G. ch 2, pt. T, introductory cmt. (emphasis added). *See also United States v. Burgos*, 276 F.3d 1284, 1290 (11th Cir. 2001) (observing "[f]or a judge sentencing a defendant convicted of tax evasion, the chief concern may be general deterrence").

In that regard, a significant term of imprisonment should be imposed against the Defendant to deter him and others from committing this crime. Consequently, a 12-month sentence is justified. That is especially true given an apparent, demonstrable lack of respect for the law. This sentence is appropriate for the reasons stated above, and considering the fact that this crime has repeated itself for a decade with no sign that the Defendant would change without criminal charges being brought. In the past ten years, there were multiple audits and requests for tax returns. Thereafter, a search warrant was executed and some time ago the Franchise Tax Board published the Defendant's failure to meet his tax obligations to the public. On a list of 500 delinquent taxpayers in this State, he was ranked in the top 71.

Still, he failed to file timely tax returns after all these clear notices that he was obligated to do so.

Moreover, there is a need for a significant sentence to promote general deterrence. A significant prison term is warranted to prevent others from engaging in this conduct. The importance of imprisonment in tax cases was highlighted in *United States v. Ture*, where the Eighth Circuit vacated a non-prison sentence in a $250,000 tax evasion case because the district court "failed to consider the importance of a term of imprisonment to deter others from stealing from the national purse." 450 F.3d 352, 358 (8th Cir. 2006). The admonition of the Court of Appeals in *Ture* applies: "the goal of deterrence rings hollow if a prison sentence is not imposed in this case." *Id*.

General deterrence in this case depends upon the public seeing some consequence for the Defendant's crimes. That is especially true in this case where the Defendant's misconduct was disclosed by the State, and the crime went on for several years. In that regard, this type of offense harms the public because the Defendant is not paying his fair share. Any sentence should discourage the Defendant and others from choosing to stop filing tax returns and paying taxes.

In sum, this factor supports a significant sentence.

### 3. Any Pertinent Policy Statement

In this case, at least three pertinent policy statements from the Sentencing Guidelines are relevant.

In Application Note 1(b), the Sentencing Commissions emphasized that in "determining whether a defendant qualifies" for acceptance under U.S.S.G. § 3E1.1 a factor to consider is "voluntary termination from ... criminal conduct." *Id*. The government is not contending that the reduction for acceptance should be withheld, but this factor warrants consideration given the Defendant's conduct. The Defendant was on notice of his obligation to file tax returns. He was audited more than once, and the IRS asked for his tax returns during those audits. In 2010, a search warrant was executed at his home. After the warrant, the Defendant failed to file timely tax returns for multiple years. While Guideline calculation should include acceptance under U.S.S.G. § 3E1.1, this situation is much different when compared to other defendants who refrained from criminal activities after their crime was discovered.

Second, USSG § 4A1.3 includes guidance when a Defendant criminal history is understated. The Sentencing Commission recommends, under those circumstances, the any sentences should be

6

increased. Here, the Defendant's Criminal History Category is I, and he has no points. The government is not seeking either an upward variance or a departure. However, the Guidelines state that the Court should consider "Prior similar adult criminal conduct not resulting in a criminal conviction." USSG § 4A1.3(a)(2)(E). This comment mandates consideration of the more than ten failures by the Defendant to timely file an income tax return and does not support a downward adjustment in his sentence.

Third, "[C]ivic, charitable, or public service; employment-related contributions; and similar prior good works are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G.§ 5H1.11. The question that must be asked is whether the Defendant's civic and charitable contributions were sufficiently beyond the norm for a businessman in a community, and were sufficiently exceptional so as to warrant departure under the Guidelines. See, e.g., *United States v. Morken*, 133 F.3d 628, 630 (8th Cir. 1998) (defendant's activities, which consisted of advising local business owners, hiring young people, serving on a church council, and raising money for charity, were "laudable, . . . [but] neither exceptional nor out of the ordinary for someone of his income and preeminence in a small Minnesota town. . . ."); *United States v. Haverstat*, 22 F.3d 790, 796 (8th Cir. 1994) (holding that defendant's charitable and volunteer activities did not make him an atypical defendant in antitrust price-fixing cases); *United States v. Crouse*, 145 F.3d 786, 792 (6th Cir. 1998) (finding nine-level downward departure unsupported by defendant's civic contributions, which are not unusual for a prominent businessman).

Here, the Defendant is a speaker and performs that function for charitable groups. He has undertaken that activity in advance of sentencing in this case. None of these actions support a finding that these acts are beyond the norm for a criminal Defendant who engages in this conduct for a living. Along those lines, Section 5H1.11 refers to the *prior* good works of the defendant, and logically so. It would be ironic if a defendant could escape the consequences of his crime by subsequently doing a lot of good deeds. A variance should be rejected based on the timing and motivation of the good deeds.

All of these policy statements support a Guideline sentence of 12-months incarceration.

**4.     The Need to Avoid Unwarranted Sentence Disparities Among Defendants**

Most significantly in this case, the Defendant's sentence must not result in a disparity with other defendants. As noted by the Second Circuit, comparisons are not limited to the sentencing district or related cases as this was intended to "eliminat[e] disparity on a national level." *United States v. Tejeda*,

1  146 F.3d 84, 87 (2d Cir. 1998) (emphasis in original); see also U.S.S.G. Ch. 1, Pt. A.3  Thus, pursuant to
2  18 U.S.C. § 3553(a)(6) the analysis requires consideration of other cases.  In this case, imposing a 12-
3  month sentence will avoid a disparity.

4  In *United Sates v. Salman*, 2008 WL 2633183 (9th Cir. July 7, 2008), the defendant was
5  sentenced to 12 months of imprisonment on each count of a four count indictment charging him with
6  two counts of passing a fictitious financial statement, in violation of 18 U.S.C. § 514(a)(2), and two
7  counts of attempting corruptly to interfere with the administration of the internal revenue laws, in
8  violation of  26 U.S.C. § 7212(a).  Salman owed more than $4,500 in taxes and $2,000 in penalties.
9  Salman purported to make estimated tax payments on two separate occasions to the IRS by the use of a
10 fictitious financial instrument.  Unlike the present case, the government did not suffer a loss of monies it
11 otherwise would have received as a result of the defendant's action.

12 In *United States v. Roberts*, 9 Fed. Appx. 573, (8th Cir. 2001), the defendant was convicted of
13 failing to file income tax returns for 2 years, and the loss was less than $60,000.  Roberts was sentenced
14 to 16-months in custody.  Here, the loss is greater and the conduct spanned a longer period.

15 The recommended 12-month sentence avoids unwarranted sentence disparities among
16 defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).
17 This is especially true given the duration of this offense, and the Defendant's failure to alter his criminal
18 conduct.

19 //
20 //
21 //
22 //
23 //
24 //
25 //

---

[3]The commentary in the Guidelines discusses Congress's intention in passing the SRA to reduce the "wide disparity in sentences imposed by different federal courts for similar criminal conduct by similar offenders").

### III. CONCLUSION

As outlined above, the government has recommended a sentence consisted with the seriousness of this offense and the nationwide problem associated with this crime, and following a review of the Defendant's history and other, similar defendants who have been sentenced. 18 U.S.C. § 3553(a) Based on this review, the United States respectfully urges the Court to punish defendant by imposing a 12-month term of imprisonment, 1-years of supervised release, $126,530 restitution, and a $25 special assessment.

Respectfully submitted,

MELINDA HAAG
United States Attorney

\_\_\_/s/_____
THOMAS NEWMAN
Assistant United States Attorney
Tax Division